# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed:  October 16, 2013)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | |
| SAURABH V. AMIN and ARCHANA | * | UNPUBLISHED |
| AMIN, natural parents and guardians of | * | |
| SHEAA AMIN, a minor, | * | No. 13-300V |
| | * | |
| Petitioners, | * | Special Master Dorsey |
| | * | |
| v. | * | |
| | * | Attorneys' fees denied; reasonable basis, |
| SECRETARY OF HEALTH | * | Pneumococcal polysaccharide vaccine; |
| AND HUMAN SERVICES, | * | Pneumovax; vaccine not covered. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | * | |

Carol L. Gallagher, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for petitioners.
Lynn E. Ricciardella, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION DENYING ATTORNEYS' FEES AND COSTS[1]

On April 29, 2013, petitioners filed a petition under the National Vaccine Injury Compensation Program ("Vaccine Act")[2] alleging that their daughter, Sheaa Amin ("Sheaa"), at nine years of age, suffered an adverse reaction after receiving the pneumococcal polysaccharide vaccine called Pneumovax 23.[3]  Petition ("Pet.") at 1.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, "the entire" decision will be available to the public.  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) ("Vaccine Act").  All citations in this order to individual sections of the Act are to 42 U.S.C. § 300aa.

[3] Pneumovax is a polysaccharide-type pneumococcal vaccine indicated for the prevention of pneumococcal disease caused by 23 serotypes.  HIGHLIGHTS OF PRESCRIBING INFORMATION, PNEUMOVAX 23 1 (2013).

1

Petitioners alleged that on March 21, 2011, Sheaa was "administered the Pneumovax 23 vaccine to her right deltoid muscle." Pet. at 1; Pet'rs' Ex. 4B at 103. Following her vaccination, Sheaa experienced "an allergic reaction [with] tongue swelling and episodes of hot flashes accompanied by vertiginous sensations of spinning, bifrontal headache, and seeing 'double or triple.'" Pet. at 1.

Petitioners were denied compensation because the Pneumovax vaccine is not listed in the Vaccine Injury Table. Amin v. Sec'y of Health & Human Servs., No. 13-300, 2013 WL 3994322, *2 (Fed. Cl. Spec. Mstr. July 29, 2013).

Under the Vaccine Act, when petitioners fail to establish that they are entitled to compensation, special masters enjoy discretion to award petitioners reasonable attorneys' fees and costs. When compensation is not awarded,

> The special master or court *may* award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

42 U.S.C. § 300aa-15(e)(1)(emphasis added).

On August 23, 2013, petitioners filed a motion seeking a total award of $12,149.86, for their attorneys' fees and costs pursuant to 42 U.S.C. § 300aa-15(e). Petitioners' application for fees did not include a brief in support of their application or any type of argument that the court has jurisdiction to award attorneys' fees in a case where the petition did not concern a vaccine listed on the Vaccine Injury Table. A petitioner must establish subject matter jurisdiction before attorneys' fees and costs may be awarded. See Brice v. Sec'y of Health & Human Servs., 240 F.3d 1367, 1370 (Fed. Cir. 2001), overruled in part by Cloer v. Sec'y of Health & Human Servs., 654 F.3d 1322, 1340 (Fed. Cir. 2011) (en banc).

Although the petition in this case was not dismissed on jurisdictional grounds, other special masters have dismissed cases that involved a vaccine that was not covered under the Vaccine Act. See Nutt v. Sec'y of Health & Human Servs., No. 10-862V, 2011 WL 976675 (Fed. Cl. Spec. Mstr. Feb. 23, 2011) (dismissing petition involving the Pneumovax vaccine for lack of subject matter jurisdiction); Morrison v. Sec'y of Health & Human Servs., No. 04-1683, 2005 WL 2008245 (Fed. Cl. Spec. Mstr. July 26, 2005) (same).

The question of subject matter jurisdiction need not be answered in this case in order to determine whether petitioners are entitled to an award of attorneys' fees and costs. Petitioners are not eligible for an award of attorneys' fees and costs in this case because they have not established a reasonable basis for bringing the petition. Although the "reasonable basis" standard is typically construed in a liberal manner, special masters have required, at a minimum, that the vaccine be listed on the Vaccine Injury Table. See Schmidt v. Sec'y of Health & Human

---

http://www.merck.com/product/usa/pi_circulars/p/pneumovax_23/pneumovax_pi.pdf.

Servs., No. 11-401, 2012 WL 1392632, *1 (Fed. Cl. Spec. Mstr. Mar. 2012); <u>Rydzewski v. Sec'y of Health & Human Servs.</u>, No. 99-571V, 2008 WL 382930 (Fed. Cl. Spec. Mstr. Jan. 29, 2008); <u>Dover v. Sec'y of Health & Human Servs.</u>, No. 99-2299V, 1992 WL 42924 (Cl. Ct. Spec. Mstr. Feb. 14, 1992).

In addition, the undersigned notes that petitioners' counsel previously brought a similar claim under the Vaccine Act involving the same vaccine. <u>See</u> <u>Schmidt</u>, 2012 WL 1392632, *1 (Fed. Cl. Spec. Mstr. Mar. 2012). The petition in that case was dismissed because the vaccine (identical to the vaccine alleged in this case) was not listed in the Vaccine Injury Table. <u>Id.</u> Likewise, the petitioner in the <u>Schmidt</u> case was denied her request for attorneys' fees and costs because the special master found that the petition lacked a reasonable basis. <u>Id.</u>

Basic inquiries are required prior to the filing of any paper under the Vaccine Act. <u>Di Roma v. Sec'y of Health & Human Servs.</u>, No. 90-3277, 1993 WL 496981, *1 (Fed. Cl. Spec. Mstr. Nov. 1993) ("Indeed, the chief characteristic of the court's not finding a reasonable basis for a claim is where fundamental inquiries are not made.") In this case, a minimal investigation would have revealed the absence of any legal or medical support for petitioners' claim. Section 11(c)(1) of the Vaccine Act clearly requires that the injured person have "received a vaccine set forth in the Vaccine Injury Table …" This unambiguous requirement eliminates any possibility, and therefore reasonableness, of a claim for compensation based on this particular vaccine. Indeed, petitioners' counsel's own prior experience in attempting to adjudicate a petition that involved the same vaccine should have informed counsel that this claim could not proceed. Given the complete lack of support for this claim, the undersigned sees no possible basis for finding a reasonable basis.

Petitioners' request for attorneys' fees and costs is **DENIED**. The Clerk's Office is instructed to enter judgment in accordance with this decision unless a motion for review is filed.

       **IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master
